```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

DR. PAUL A. LEA, ET AL          *           CIVIL ACTION

VERSUS                          *           NO: 06-7584

STATE FARM INS. CO., ET AL      *           SECTION: "D"(5)
```

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Dr. Paul A. Lea, Patsy Lea and East Win, LLC. Defendant, State Farm Fire and Casualty Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 6, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

### I. Background

In this Katrina related lawsuit, Plaintiffs sue State Farm and its alleged agent, Robert Nowlin, as a result of alleged losses to Plaintiffs' residential and commercial properties, insured under State Farm insurance policies. Plaintiffs' claims against State

Farm include claims for bad faith under LSA-R.S. 22:1220, LSA-R.S. 22:658, and Louisiana Civil Code Article 1997, breach of contract, and a claim for total loss under Louisiana's Valued Policy Law, LSA-R.S. 22:695.  As to Defendant Robert Nowlin, Plaintiffs make various errors and omissions claims, including a claim for breach of fiduciary duty, against him in his capacity as the insurance agent for Plaintiffs.

Plaintiffs filed their suit in Civil District Court for the Parish of Orleans, State of Louisiana, and State Farm removed the matter to this court.  State Farm based its removal on: (1) diversity jurisdiction (between Plaintiffs who are Louisiana citizens and State Farm who is a foreign insurer) arguing that Robert Nowlin (a Louisiana resident) was fraudulently joined;[1] and (2) the Multiforum Trial Jurisdiction Act (MMTJA), arguing that the court either has original jurisdiction under 28 U.S.C. §1369, or alternatively piggy-back jurisdiction under 28 U.S.C. §1441(e)(1)(A).

In their Motion to Remand, Plaintiffs maintain that there is no diversity jurisdiction and removal based on the MMTJA is not appropriate.  The court agrees.

---

[1]   There is no dispute that the amount in controversy exceeds $75,000.

## II.  Legal Analysis

### A.  Defendant Robert Nowlin was not fraudulently joined.

The standard for determining when a defendant has been fraudulently joined is well established in the Fifth Circuit: "[T]he removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts."  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (1981).

In arguing that Defendant Nowlin was fraudulently joined, State Farm first argues that the Plaintiffs' State Farm policies were procured by another State Farm agent, Guy Chiapetta, and "Nowlin only administered and maintained Plaintiffs' existing homeowners' and business insurance policies which were issued in 1981 and 2001 respectively."  (State Farm's Opp. at 12).

State Farm also submits the Affidavit of Robert Nowlin who states in part: that in 2003, he assumed the insurance agency originally owned by Guy Chiapetta; that the Plaintiffs never requested additional or different insurance coverage for their properties; that annually, as part of his standard business operating practice, he requested that Plaintiff Paul Lea schedule an appointment with him to re-evaluate and amend, if necessary, the limits of coverage; that Plaintiff Paul Lea never scheduled an

3

appointment with him for the specific purpose of re-evaluating and amending coverage; and that he never represented to Plaintiff that the limits of his coverage were sufficient to cover any and all physical damage or loss of bushiness income in the event of a loss to the covered properties or that the limits of coverage would cover all consequences of damage caused by a hurricane, including damage caused by wind-driven water; that as part of his standard business operating practice, he annually mailed to the named insured, Paul Lea, correspondence recommending the procurement of flood insurance, but that Paul Lea never requested the procurement of flood insurance or excess flood insurance; and that he never misrepresented to Paul Lea, the availability and/or viability of excess business insurance coverage.  (*See* Nowlin Affidavit, Defendants' Ex. B).

In reply to State Farm's opposition and the Nowlin Affidavit, Plaintiffs submit the Affidavit of Dr. Paul Lea, who states in part: that in 2003, Mr. Nowlin became his State Farm insurance agent; he has no recollection of Mr. Nowlin ever requesting that Dr. Lea schedule an appointment to discuss evaluating and amending his existing insurance coverage with State Farm, and that had Mr. Nowlin requested such a meeting, Dr. Lea would have scheduled such a meeting; that Dr. Lea does not recall ever receiving a letter from Mr. Nowlin recommending the procurement of flood insurance

coverage, and if he had received such correspondence, he would have procured such flood insurance; and that at all times pertinent, he relied to his detriment on the professional insurance expertise of Mr. Nowlin, as his personal State Farm insurance agent, to advise him regarding all available and necessary insurance coverage. (*See* Lea Affidavit attached to Plaintiffs' Reply Memorandum).

While both the Nowlin Affidavit and the Lea Affidavit contain many assertions that are conclusory and self-serving, they are nevertheless competing affidavits which make State Farm unable to show that there is no possibility that the plaintiff would be able to establish a cause of action against Nowlin, the in-state defendant. In deciding whether or not a Defendant is fraudulently joined, the court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff," but the court does "not determine whether the plaintiff will actually or even probably prevail on the merits of the claim but [it looks] only for a possibility that the plaintiff might do so." *Buren v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

State Farm also argues that Plaintiffs' claims against Defendant Nowlin are prescribed and preempted under LSA-R.S. 9:5606 which provides:

> A. No action for damages against any

>   insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within **one year** from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**
>
>   B.  The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
>   C.  The peremptive period provided in Subsection A of this Section shall not apply in cases of **fraud**, as defined in Civil Code Article 1953.[2]
>
>   D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article

---

[2] Louisiana Civil Code Article 1953 provides:

>   **Fraud may result from misrepresentation or from silence**
>
>   Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

>  3458 and, in accordance with Civil Code
>  Article 3461, may not be renounced,
>  interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

Basically, State Farm argues that because the subject policies were procured from Guy Chiapetta (and not from Defendant Nowlin) in 1981 and 2001, and Plaintiffs had known for more than three years that their homeowners' and business insurance policies would not provide coverage for water damage and the amount of the respective limits for each policy, Plaintiffs' claims are perempted. However, Plaintiffs have pled in their Petition that "[i]n or about 2003, Petitioners retained Robert Nowlin to serve as a consultant to assist them with their insurance coverage." (Petition at ¶61; *see also* Lea Affidavit). Plaintiffs allegedly sustained damage as a result of Defendant's representations when Hurricane Katrina hit on August 29, 2005, and they filed this suit on August 26, 2006.

Further, while renewals of insurance polices do not operate to restart peremption, "renewals can be the basis of separate torts, if the complained of conduct constitutes separate and distinct acts, which give rise to immediately apparent damages." *Fidelity Homestead Ass. v. Hanover Ins. Co.*, 2006 WL 2873562 *2 (E.D.La. 2006)(Berrigan, J.). The inquiry is "whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement."

*Id.*

Here, Plaintiffs have set forth in their Petition and Dr. Lea's Affidavit that they relied to their detriment on Mr. Nowlin's expertise as an insurance agent to ensure that they were fully and adequately protected against any potential losses to their home and business.  Since Mr. Nowlin did not become their agent until 2003, any error or omission attributed to him occurred after that time.  And Plaintiffs filed this suit within one year of the date of damage allegedly caused as a result of his errors and omissions-or within one year of August 29, 2005.

Finally, State Farm submits in its removal papers that Plaintiffs have made claims against Defendant Nowlin for "**fraud, intentional misrepresentation**, negligence and/or other omissions." (Notice of Removal, p. 2, ¶ 2(h))(emphasis added).  And its opposition memorandum, State Farm submits that Plaintiffs have generally alleged against State Farm and Nowlin (*inter alia*) the "[n]egligent or **fraudulent failure** to procure or provide insurance coverage and/or negligent or **fraudulent failure** to advise regarding policy coverage."  (Opp. at 2)(emphasis added).  Under LSA-R.S. 9:5606,

> C. The peremptive period provided in Subsection A of this Section shall not apply in cases of **fraud**, as defined in

8

Civil Code Article 1953.[3]

Thus, the court concludes that Plaintiffs' claims against Defendant Nowlin are not prescribed or perempted.

**B. The Court does not have jurisdiction under the MMTJA.**

The MMTJA provides in relevant part:

**§1369. Multiparty, multiforum jurisdiction**

**(a) In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

    (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

    (2) any two defendants reside in difference States, regardless of whether such defendants are also residents of the same State or States; or

---

[3] Louisiana Civil Code Article 1953 provides:

**Fraud may result from misrepresentation or from silence**

Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

>    (3) substantial parts of the accident took place in difference States.
>
> **(b) Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-
>
>    (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
>    (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. §1369.[4]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4). Here, the court does not have original jurisdiction under §1369, because Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[5]

However, State Farm also argues that the court has

---

[4] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

[5] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because Defendant is already a defendant in multiple cases where jurisdiction is proper under the MMTJA, 28 U.S.C. §1369.[6] The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A)   the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B)   the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

---

[6]   In its opposition memorandum, Defendant represents that:

> In addition to *Abadie*, Defendant Lafayette Insurance Company is a defendant in several class action lawsuits arising out of Hurricane Katrina, lawsuit that were or could have been brought under 28 U.S.C. §1369, including the following: [*Berthelot v. Boh Brothers Construction Co.*, USDC Eastern District No. 05-4182, Section K; *Randall v. Allstate Indemnity Co.*, USDC Eastern District No. 06-1053, Section R; and *Caruso v. Allstate Ins. Co.*, USDC Eastern District No. 06-2613, Section R].

(Defendant's Opp. at 2).

11

>§1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[7]

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in other actions pending in this court. To the extent that these other cases are based on Hurricane Katrina, they could not have been could have been brought under the MMTJA because, again, Hurricane Katrina is not an "accident" as that term is defined in the MMTJA. Further, in *Chehardy*, it has been found that "§1369 jurisdiction exists ... because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discreet location."[8] In this case, Plaintiff makes no

---

[7] The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under §1369(a). *Wallace*, 444 F.3d at 702.

[8] In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

>[*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina*

allegation about levee breaches and State Farm presents no allegations of a levee breach in its removal papers or opposition memorandum.  Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B).  *Wallace*, 444 F.3d at 702.

Accordingly;

**IT IS ORDERED** that Plaintiffs' "**Motion to Remand"** be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction; and

**IT IS FURTHER ORDERED** that State Farm's request for certification under 28 U.S.C. §1292(b) be and is hereby **DENIED**, because the court finds that the jurisdictional issues herein do not involve " a controlling question of law as to which there is substantial ground for difference of opinion," and State Farm's request for a stay of the remand order is also **DENIED.**

---

*Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.

New Orleans, Louisiana, this **7th** day of **December**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE